1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

YETBAREK YOHANNES TESFAY,          )
                                   )
              Petitioner,          )
                                   )          2:11-CV-01545-PMP-VCF
    v.                             )
                                   )
ERIC HOLDER, et al.,               )
                                   )          ORDER
              Respondents.         )
_____    )

12    Presently before this Court is Petitioner Yetbarek Yohannes Tesfay's ("Tesfay")

13   Motion for Order Amending Naturalization Certificate (Doc. #19), filed on January 11,

14   2013.  Respondents Eric Holder, Alejandro Mayorkas, John Kramer, and Janet Napolitano

15   ("Respondents") filed a Response (Doc. #20) on February 14, 2013.  Tesfay filed a Reply

16   (Doc. #21) on March 14, 2013.

17   **I.  BACKGROUND**

18    Tesfay alleges he was born in Eritrea on January 12, 1948.  (Compl. (Doc. #1)

19   at 2.)  Due to civil unrest in Eritrea, Tesfay fled from Eritrea to Sudan in 1965.  (Id.)  Upon

20   entering Sudan, Tesfay alleges the Sudanese Interior Minister incorrectly recorded his date

21   of birth as October 1, 1955.  (Id.)  However, Tesfay was unable to correct the birth date

22   recorded on the documents he obtained in Sudan.  (Id.)

23    Tesfay eventually relocated to the United States and in 2004 applied for

24   naturalization through the United States Department of Homeland Security's Citizenship

25   and Immigration Services ("USCIS").  (Id.)  Tesfay requested a copy of his birth

26   certificate from Eritrea in December 2008.  (Id.)  Tesfay was naturalized on August 14,

2009, but he did not receive a copy of his Eritrea birth certificate until January 2010.  (Id.)
Therefore, during the application process, Tesfay relied on the documents he obtained from
the Sudanese Interior Minister, as it was the only documentation Tesfay possessed to
establish his identity and place of birth.  (Id.)  Accordingly, the date of birth recorded on
Tesfay's Certificate of Naturalization is October 1, 1955, and not January 12, 1948, which
is the date reflected in Tesfay's Eritrean birth certificate.  (Id.)

Shortly after receiving a copy of his Eritrean birth certificate, Tesfay sought to
legally change the birth date on his United States identification documents to January 12,
1948.  (Id.)  Tesfay did not file an Application for a Replacement Naturalization ("Form
N-565") with USCIS or otherwise communicate to USCIS that the date of birth on his
Certificate of Naturalization was incorrect.  (Pl.'s Reply to Resp. of a Mot. (Doc. #21) at 2.)
 Rather, Tesfay alleges an agency other than USCIS informed him that he needed to obtain
a court order to change the date of birth on his identification documents.[1]  (Id.)
Accordingly, Tesfay filed a Petition to Amend his Birth Certificate in the Eighth Judicial
District Court of Clark County, Nevada.  (Compl. (Doc. #1) at 2.)  The state court granted
Tesfay an Order to Amend, finding that Tesfay's "true birth date is January 12, 1948."  (Id.
at 2-3; Ex. E.)  After receiving the order, Tesfay attempted to correct the birth date on his
Certificate of Naturalization, but discovered he needed a federal court order to change the
date of birth on his Certificate of Naturalization.  (Id. at 3.)

Therefore, Tesfay filed a Petition with this Court requesting an order amending
his Certificate of Naturalization.  (Id. at 1.)  Respondents thereafter filed a Notice advising
the Court that 8 C.F.R. § 334.16, the regulation Tesfay argues gives this Court jurisdiction,
had been repealed since Tesfay filed his Petition.  (Notice of Supplemental Authority &

---

[1] It is not clear whether an employee of the United States Postal Service or the Department of
Motor Vehicles informed Tesfay that he needed a court order.  It is clear, however, that Tesfay did not
obtain this information from USCIS.

Briefing Schedule (Doc. #10) at 2-6.)  Respondents also requested a briefing schedule for dispositive motions.  (Id. at 6.)  The Magistrate Judge held a hearing at which both parties agreed the record did not need to be supplemented.  (Mins. of Proceedings (Doc. #18).)  Accordingly, the Magistrate Judge issued a briefing schedule, under which the parties filed the Motion, Response, and Reply now before the Court.  (Id.)

## II. DISCUSSION

At issue is whether this Court has jurisdiction to amend the date of birth on Tesfay's Certificate of Naturalization.  Tesfay argues that this Court has jurisdiction under 8 C.F.R. § 334.16 to order USCIS to amend the date of birth on Tesfay's Certificate of Naturalization.  Respondents contend that this Court should dismiss Tesfay's Petition for lack of subject matter jurisdiction because only a federal statute, not a federal regulation, can confer jurisdiction on a district court.  Respondents further argue that this Court can review agency action under the Administrative Procedure Act ("APA"), but there is no USCIS action to review here because Tesfay has failed to pursue any administrative remedies.  Furthermore, Respondents argue that Tesfay's pleadings fail to state a claim as a matter of law under Federal Rule of Civil Procedure 12(c).  In his reply, Tesfay maintains that § 334.16 is a valid basis for jurisdiction as other district courts have relied on § 334.16 to amend naturalization certificates that USCIS issued after 1991.  Tesfay further replies that he is not required to exhaust administrative remedies under the APA because doing so would be futile under the governing regulations.

### A.  Subject Matter Jurisdiction Under 8 C.F.R. § 334.16

A court must dismiss an action if it determines at any time that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).  The party challenging subject matter jurisdiction may assert a facial or a factual jurisdictional attack.  Safe Air for

Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, like the one here, the "challenger asserts that the allegations contained in [the] complaint are insufficient on their face to invoke federal jurisdiction."  Id.

Only the Constitution and Congress can confer subject matter jurisdiction on a federal court.  Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang, 376 F.3d 831, 837 (9th Cir. 2004); see also Lanza v. Ashcroft, 389 F.3d 917, 930 (9th Cir. 2004) (explaining that federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and [Congress]") (quotation omitted).  The executive or its administrative agencies do not have the authority to confer jurisdiction on the courts.  See Hoang, 376 F.3d at 837 (holding that a "regulation promulgated by an administrative agency such as the FCC cannot by itself, in the absence of congressional authorization, confer subject matter jurisdiction on federal courts").  Thus, to establish federal jurisdiction in the absence of constitutional authority, a party must rely on a federal statute.  Id.

Prior to 1990, Congress granted courts the statutory authority to review petitions for naturalization and to naturalize persons as citizens of the United States.  8 U.S.C. § 1421 (1990).  Through the Immigration Act of 1990 ("IMMACT"), Congress transferred all statutory authority to naturalize persons as citizens from the judiciary to the Attorney General.  Immigration Act of 1990, Pub. L. No. 101-649, § 401, 104 Stat. 4978 (1990) (codified at 8 U.S.C § 1421(a)).  Accordingly, IMMACT eliminated the judiciary's naturalization authority present under the preceding naturalization system.  Administrative Naturalization, 56 Fed. Reg. 50475-01, 50475 (Oct. 7, 1991).  Under the new system, Congress vested in the Attorney General the sole authority to review applications for citizenship and to issue certificates of naturalization.  Id.  Congress also authorized the Attorney General to review pre-IMMACT, judicially ordered naturalizations.  See Immigration Act of 1990, § 407 (codified at 8 U.S.C. § 1451(h)) ("Nothing contained in this section shall be regarded as limiting, denying, or restricting the power of the Attorney

General to correct, reopen, alter, modify, or vacate an order naturalizing the person.").

In response to IMMACT, the former Immigration and Naturalization Service ("INS"), now USCIS, updated its regulations to codify IMMACT's transfer of naturalization authority from the judiciary to the executive.  Administrative Naturalization, 56 Fed. Reg. at 50475.  Specifically, INS updated all regulations that referenced petitions for naturalization because "IMMACT specifically [provided] that no new petitions for naturalization may be filed under the judicial naturalization system after October 1, 1991." Id. at 50475, 50478.  INS also re-wrote 8 C.F.R. § 334.16 "to eliminate the concept of [judicial] petitioning used under the preceding" naturalization system.  Id. at 50478. However, the amended version of § 334.16 maintained the courts' ability to review and amend petitions for naturalization if the petition was still pending or if the court had previously taken final action on the petition.  8 C.F.R. § 334.16(a)-(b); see also Matter of Shrewsbury, 77 F.3d 490, 1996 WL 64988, at *1 (9th Cir. Feb. 12, 1996) (unpublished) (recognizing that courts had jurisdiction to amend pre-1991 naturalization orders).

In 2011, USCIS repealed § 334.16 as obsolete and expired.  See Immigration Benefits Business Transformation, 76 Fed. Reg. 53764, 53768-69 (Aug. 29, 2011) (effective Nov. 28, 2011).  USCIS explained that § 334.16 was obsolete because it pertained to petitions for naturalization filed before IMMACT's effective date.  Id. at 53769.  USCIS concluded those petitions were under the courts' jurisdiction only until the IMMACT's effective date of October 1, 1991.  Id.

Here, Tesfay bears the burden of establishing subject matter jurisdiction.  Tesfay relies on § 334.16 to establish such jurisdiction.  However, under IMMACT, Congress shifted the statutory authority to naturalize persons as citizens from the courts to the executive.  Thus, although § 334.16 permitted courts to review and amend petitions for naturalization filed before IMMACT's effective date, it could not grant courts jurisdiction to amend post-IMMACT certificates of naturalization.  USCIS issued Tesfay his Certificate

of Naturalization in 2009, after IMMACT's transfer of jurisdiction over naturalization from the judiciary to the executive.  Consequently, § 334.16 does not provide this Court with subject matter jurisdiction to amend Tesfay's Certificate of Naturalization.

## B.  Subject Matter Jurisdiction Under the APA

Respondents argue this Court also lacks subject matter jurisdiction under the APA because Tesfay has failed to exhaust administrative remedies.  Respondents argue Tesfay was required to first petition USCIS to correct his Certificate of Naturalization and his failure to do so means there is nothing for this Court to review under the APA.  Tesfay replies that he was not required to pursue administrative remedies with USCIS because pursuing such remedies would be futile.

Although the parties agree the Court has jurisdiction to review USCIS's actions under the APA, federal courts have a continuing and "independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).  There is no judicial review of agency actions in immigration proceedings under the APA.  See Ardestani v. I.N.S., 502 U.S. 129, 133 (1991) (stating that "Congress intended the provisions of the Immigration and Nationality Act . . . to supplant the APA in immigration proceedings" and thus, "immigration proceedings . . . are not governed by the APA"); see also Moreno v. Bureau of Citizenship & Immigration Servs., 185 F. App'x 688, 689 (9th Cir. 2006) (holding that the district court lacked subject matter jurisdiction under the APA to order Immigration Services to grant the petitioner's application for a replacement alien registration card because the "Supreme Court has made it clear that the APA does not apply to immigration proceedings").  Accordingly, because "a petition to amend an immigration document falls within the context of an immigration proceeding," judicial review of such a petition is not proper under the APA.  Malineni v. USCIS, 2013 WL 466204, at *3 (E.D. Mich. Feb. 7, 2013).

Here, Tesfay cannot rely on the APA to establish subject matter jurisdiction because the APA does not apply to immigration proceedings and therefore, judicial review of agency action in the immigration context is improper under the APA.  The APA does not afford this Court with the power to amend the birth date on Tesfay's Certificate of Naturalization and Tesfay therefore has not met his burden of demonstrating this Court's subject matter jurisdiction.

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that Petitioner Yetbarek Yohannes Tesfay's Motion for Order Amending Naturalization Certificate (Doc. #19) is hereby DENIED.

IT IS FURTHER ORDERED that Petitioner Yetbarek Yohannes Tesfay's Petition to Amend Certificate of Naturalization (Doc. #1) is hereby DISMISSED for lack of subject matter jurisdiction.

DATED:  April 26, 2013

_____
PHILIP M. PRO
United States District Judge